### IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
### IN AND FOR OSCEOLA COUNTY, FLORIDA

Case No.: _____
Division: Civil _____

ISMAEL LOZADA,
    Plaintiff,

vs.

HOBBY LOBBY STORES, INC.,
    Defendant
_____/

## COMPLAINT

ISMAEL LOZADA, Plaintiff herein, files this Complaint against HOBBY LOBBY STORES, INC., Defendant herein, and alleges:

### PARTIES

1. Plaintiff, ISMAEL LOZADA, an individual, resides in OSCEOLA County, Florida.

2. Defendant, HOBBY LOBBY STORES, INC., a Foreign Corporation, has a principal place of business at 7701 S.W. 44TH STREET OKLAHOMA CITY, OK 73179, Oklahoma City in Oklahoma County, Oklahoma.

### JURISDICTIONAL STATEMENT

3. The amount in controversy exceeds $15,000.00, excluding interest, costs and attorney's fees, which is within the jurisdiction of the court in accordance with Section 26.012 of the Florida Statutes.

### LONG ARM JURISDICTION

4. Defendant, HOBBY LOBBY STORES, INC., has submitted itself to the jurisdiction of the courts of the State of Florida under Section 48.193(1)(a)(2) of the Florida Statutes because Defendant, HOBBY LOBBY STORES, INC., committed a tortious act within this state.

5. Defendant, HOBBY LOBBY STORES, INC., has submitted itself to the jurisdiction of the courts of the State of Florida under Section 48.193(1)(a)(1) of the Florida Statutes because Defendant, HOBBY LOBBY STORES, INC., has operated, conducted

engaged in, or carried on a business or business venture in this state.

## VENUE

6. Venue in OSCEOLA County, Florida is proper in this action under Section 47.011 of the Florida Statutes because the false arrest and slander giving rise to this action occurred in this county.

## FACTS IN SUPPORT OF CLAIMS

7. Plaintiff was an employee at HOBBY LOBBY STORES, INC.'s Kissimmee Store located at 711 Centerview Blvd, Kissimmee, FL 34741 in Kissimmee, Osceola County, Florida. ("Kissimmee Store.")

8. Defendant, by and through its employee agents, including but not limited to MICHAEL LICARI, Kissimmee Store's manager, falsely promulgated the baseless rumor that Plaintiff intended to commit violent acts against persons inside the Kissimmee Store.

9. On or about February 26, 2015, Plaintiff was detained by the OSCEOLA COUNTY SHERIFF'S OFFICE following the police report of MICHAEL LICARI.

10. On or about February 26, 2015, Plaintiff was forcibly taken against his will to Park Place Behavioral Healthcare, 206 Park Pl Blvd, Kissimmee, FL ("Park Place.")

11. Plaintiff was detained at Park Place for over thirty-six (36) hours purportedly pursuant to Florida's Baker Act.

## COUNT 1

## FALSE ARREST AND WRONGFUL CONFINEMENT

12. Plaintiff by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 11.

13. Defendant, by and through its employee agents, including but not limited to MICHAEL LICARI, directly procured the detention of Plaintiff by falsely accusing Plaintiff of intending to commit violent acts with firearms against persons inside the Kissimmee Store.

14. Defendant's procurement was not based on a reasonable belief that Defendant's accusations against Plaintiff were true.

15. The accusations were false, and Defendant knew the accusations to be false.

16. As a result of the accusations, Plaintiff was detained purportedly under the authority of Florida's Baker Act.

17. The Plaintiff was handcuffed at his residence in the presence of his children and

others, and publicly taken away and detained for over thirty-six (36) hours at Park Place.

18. Plaintiff suffered the humiliation, discomfort, mental anxiety, inconvenience and loss of capacity to enjoy life, as a result of his false detention.

19. As a result, Plaintiff suffered the loss of his employment at his employer, along with loss of all benefits of his employment.

20. Plaintiff suffered loss of reputation, due to the fact of his detention.

21. At all relevant times, MICHAEL LICARI and other Kissimmee Store employees were acting within the scope and course of their employment with the Defendant.

22. At all relevant times, Plaintiff maintained his innocence and good character.

23. After the over thirty-six (36) hours detention, Park Place discharged Plaintiff, finding that Plaintiff had no behavioral issues, and was calm and cooperative.

## COUNT 2
## LIBEL AND SLANDER

24. Plaintiff by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 22.

25. Defendant's accusations against Plaintiff were false allegations, which under the law of Florida constitute slander per se.

26. Defendant's accusations were memorialized in a police report by MICHAEL LICARI.

27. Defendant's accusations were not made in good faith, and were defamatory.

28. Said employees of Defendant were at all relevant times acting within the scope and course of their employment with the Defendant.

29. In addition to the police report, Defendant, through MICHAEL LICARI and other Kissimmee Store employees, promulgated the false accusations in the form of gossip to other employees at the Kissimmee Store, and to third parties.

30. At all relevant times, Plaintiff maintained his innocence.

31. The accusations that Plaintiff intended to commit bodily harm against persons at the Kissimmee Store constituted slander per se; and as a result, Plaintiff is entitled to exemplary or punitive damages to punish the Defendant for its misconduct, and to inhibit such reckless slanders in the future.

32. As a result of the false accusations, Plaintiff suffered humiliation, physical

discomfort, mental anguish, inconvenience, loss of reputation, and loss of capacity to enjoy life.

33. As a further result, Plaintiff suffered the loss of his employment at his employer, along with loss of all benefits of his employment.

## COUNT 3
## MALICIOUS PROSECUTION

34. Plaintiff by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 22.

35. Defendant's accusations against Plaintiff were memorialized in a sworn police report made to the Osceola County Sheriff's Office.

36. Defendant's accusations were false, and knowingly and demonstrably so.

37. In addition, Park Place determined the Defendant to not be a threat to himself or to others.

38. Defendant's police report was made with malice, bad faith, and without regard to the veracity of its accusations.

39. Defendant's accusations were made without probable cause.

40. As a result of the malicious prosecution, Plaintiff suffered humiliation, physical discomfort, mental anguish, inconvenience, loss of reputation, and loss of capacity to enjoy life.

## COUNT 4
## PUNITIVE DAMAGES

41. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 32.

42. Since the above-described conduct of Defendant constitutes slander per se, Plaintiff is entitled to exemplary or punitive damages to punish the Defendant for its misconduct, and to inhibit such reckless slanders in the future.

## DEMAND FOR JURY TRIAL

43. Plaintiff demands a trial of this action by jury.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff demands a jury trial of this action, and further demands judgment against Defendant for general damages, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

_____
Plaintiff ISMAEL LOZADA

STATE OF FLORIDA
COUNTY OF OSCEOLA

The foregoing instrument was sworn to or affirmed and signed before me this _27_ day of _March_, 2015, by ISMAEL LOZADA, who is personally known to me, or who presented _Driver's license_ as identification and who did take an oath.

_____
Notary Public
My Commission expires:

MAUREEN ARAGO
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF135415
Expires 9/1/2018

/s/ Keith Arago
KEITH P. ARAGO
Attorney for Plaintiff
Florida Bar Number: 100508
P.O. Box 452275
KISSIMMEE, FL 34745-2275
Telephone: (407) 344-1185
Fax: (407) 201-6798
E-Mail: keitharago@aragolaw.com
Secondary E-Mail: maureenarago@aragolaw.com
Arago Law Firm, PLLC