UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISMAEL LOZADA,

      Plaintiff,

vs.                          CASE NO.  6:15-cv-711-Orl-41TBS

HOBBY LOBBY STORES, INC.,

      Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Hobby Lobby Stores, Inc. ("Hobby Lobby" or "Defendant"), by and through its undersigned counsel, for its answer to the Complaint filed by Plaintiff, Ismael Lozada ("Lozada" or "Plaintiff"), alleges and states:

1.      Defendant denies each and every allegation contained in Plaintiff's Complaint, except those allegations specifically admitted herein.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraphs 1, 17 and 37, and therefore denies same.

3.      Defendant admits that it is a foreign corporation and that its principal place of business is located in Oklahoma City, Oklahoma as alleged in Paragraph 2 of the Complaint; the remainder of Paragraph 2 is denied.

4.      Defendant admits the allegations of Paragraph 7 of Plaintiff's Complaint.

5.      Defendant admits Plaintiff purports to seek damages in excess of $15,000.00 excluding interest, costs and attorneys' fees as alleged in Paragraph 3 of the Complaint; but denies Plaintiff is entitled to any damages as a result of any conduct by Hobby Lobby.

6.     Defendant admits Plaintiff seeks the long arm jurisdiction of Florida courts under Section 48.193, Florida Statutes, as alleged in Paragraphs 4 and 5, but denies Hobby Lobby has committed any tortious acts within the state of Florida.

7.     Defendant admits venue is proper in Osceola County, Florida, as alleged in Paragraph 6 of the Complaint; the remainder of Paragraph 6 is denied.

8.     Defendant denies the allegations in Paragraphs 8-16, 18-36, and 38-42 of Plaintiff's Complaint.

9.     Hobby Lobby acknowledges Plaintiff is demanding a trial by jury in this action as alleged in Paragraph 43 of the Complaint, and Hobby Lobby also demands a jury trial to the extent any issues require a trial.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's Complaint:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant took all actions in connection with Plaintiff's employment for legitimate and lawful business reasons.

### Third Affirmative Defense

Plaintiff's own actions or omissions contributed to his injuries, if any, and, therefore, Plaintiff was contributorily and/or comparatively negligent.

### Fourth Affirmative Defense

To the extent Plaintiff seeks punitive damages against Hobby Lobby, Plaintiff's claims for punitive damages violates Hobby Lobby's constitutional protection from excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

2

### Fifth Affirmative Defense

Defendant was justified in its actions.

### Sixth Affirmative Defense

Assuming Plaintiff did suffer damages, which is denied by Defendant, entities other than Defendant beyond the scope or supervision of Defendant, or for whom Defendant was and is not responsible or liable, caused Plaintiff's harm.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the intervening acts, superseding acts and/or omissions of parties other than the Defendant.

### Eighth Affirmative Defense

Plaintiff's claims are barred because Defendant at all times acted in good faith, on reasonable grounds, with reasonable belief and without malice or intent to harm.

### Ninth Affirmative Defense

Plaintiff has failed to mitigate his damages and, therefore, any damages awarded to Plaintiff must be limited and/or set off accordingly.

### Tenth Affirmative Defense

Plaintiff's claim for libel/slander is barred because the alleged statements were true.

### Eleventh Affirmative Defense

Plaintiff's claims are barred because of the application of a qualified privilege.

### Twelfth Affirmative Defense

Plaintiff's claims fail because probable cause existed for the law enforcement action taken against Plaintiff, thus barring Plaintiff's recovery under any theory.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred because of the application of an absolute privilege.

23948504 v1

## Fourteenth Affirmative Defense

Plaintiff's claim for malicious prosecution fails because there was no bona fide termination in favor of Plaintiff.

## Fifteenth Affirmative Defense

Defendant's actions were protected by the First Amendment of the United States Constitution.

## Sixteenth Affirmative Defense

Any statements made by Defendant were in the interest of public safety, and Defendant had a duty to make such statements.

## Seventeenth Affirmative Defense

Plaintiff's claim for libel/slander is barred because the alleged statements were overall substantially true and had the same effect as if they were completely true.

## Eighteenth Affirmative Defense

Any statements by Defendant were made with good motive and constitute fair comment.

## Nineteenth Affirmative Defense

Any restraint against Plaintiff was not unlawful and did not result in any act that led to Plaintiff's alleged detention.

WHEREFORE, Hobby Lobby respectfully demands and prays that:

A.      Plaintiff take nothing by way of his Complaint;

B.      This Court enter judgment in favor of Hobby Lobby and against Plaintiff; and

C.      The Court award Hobby Lobby such other and further relief as may be justified and allowed by the evidence and law as deemed appropriate by the Court.

23948504 v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2015, a true and correct copy of the foregoing was filed with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF system which will send notice of electronic filing and complete service of the foregoing as required by F.R.C.P. 5 to **Keith P. Arago, Esquire** (keitharago@aragolaw.com), P.O. Box 452275, Kissimmee, FL 34745.

/s/ Sheena Thakrar
**Howard Marks**
Florida Bar No. 750085
Email:  hmarks@burr.com
**Sheena Thakrar**
Florida Bar No. 871141
Email:  sthakrar@burr.com
**Burr & Forman LLP**
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
*Attorneys for Defendant*

23948504 v1