UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISMAEL LOZADA,
    Plaintiff,

vs.                                    CASE NO.  6:15-cv-711-Orl-41TBS

HOBBY LOBBY STORES, INC.,
    Defendant.
_____/

## PLAINTIFF'S RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS

    Plaintiff, ISMAEL LOZADA ("Plaintiff,") Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, by and through his undersigned counsel, moves the Court to compel Defendant HOBBY LOBBY STORES, INC. ("HOBBY") to comply with its discovery obligations and produce all responsive documents to Plaintiff's First Request for Production of Documents propounded on August 4, 2015 and states in support:

    "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts." *United States v. $209,960.00 in U.S. Currency*, 2011 WL 2173795 at * 1 (M.D. Fla. 2011). "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). If a party fails to answer an interrogatory or respond to a document request, the discovering party may move for an order compelling such answer or response. *See* Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond." FED.R.CIV.P. 37(a)(4).

1

As such, "Rule 37(a) expressly authorizes an aggrieved party to request an order compelling the production of discovery that has not been forthcoming." *United States v. $209,960.00 in U.S. Currency*, at * 1.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who is a former employee of HOBBY, alleged in his complaint against HOBBY damages suffered after HOBBY employees, including its store manager, Michael Licari, allegedly committed bad acts, including promulgating the baseless rumor that Plaintiff intended to commit violent acts against persons inside the Kissimmee HOBBY store. Plaintiff further alleged that the same HOBBY store manager memorialized that baseless rumor in a sworn police report. Those bad acts allegedly resulted in the procurement of the false arrest or detention of Plaintiff.

On July 13, 2015, HOBBY submitted to Plaintiff its initial disclosures. HOBBY's initial disclosures included the production of hand-written incident statements prepared by three employees at the Kissimmee HOBBY store who purportedly had personal knowledge about the rumor described above. Those employees are Ramon L. Dendariarina, Corey Cozzens, and Destinie Crupi. HOBBY's initial disclosures also identified each of those three employees in the disclosures as having "Knowledge of the events and circumstances surrounding the allegations set forth in Plaintiff's Complaint." HOBBY also identified the store manager, Michael Licari, and an assistant store manager, Mary Dellofano, as having "Knowledge of Plaintiff's employment and the events and circumstances surrounding the allegations set forth in Plaintiff's Complaint, including the cessation of Plaintiff's employment."

On August 4, 2015, Plaintiff submitted his First Request for Production of Documents to HOBBY. Exhibit "B." The Request enumerated sixteen document requests.

On September 1, 2015, HOBBY served its responses and objections to Plaintiff's First Request for Production of Documents. Eight requests were answered without objection, and produced in their entirety fourteen pages of additional documents. Therefore, this motion requests that the Court order the production of documents only for the remaining eight requests.

On December 17, 2015, Plaintiff filed its Motion to Compel Production of Documents.

On December 23, 2015, upon request by HOBBY's counsel for the opportunity to supplement its responses and or documents, Plaintiff withdrew its Motion to Compel pending those supplemental responses and or documents.

On January 7, 2016, HOBBY served a copy of its Amended Responses, which produced no new documents, but belatedly incorporated more specificity into its objections. The supplemental responses did withdraw two objections, and therefore this renewed motion requests court action compelling the remaining six document requests.

Those six remaining requests, with responses with objections, pursuant to Local Rule 3.04, were as follows (with both the initial timely responses and the belated subsequent responses):

> *5. Michael Licari's entire employee file, including both positive and negative comments concerning Michael Licari from any co-workers, supervisors, or staff of Defendant.*
>
> INITIAL RESPONSE (Served September 1, 2015): Objection. This request is overbroad and unduly burdensome, harassing and calls for confidential information. Further, this request seeks documents that are confidential, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.
>
> BELATED SUPPLEMENTAL RESPONSE (Served January 7, 2016): Hobby Lobby objects to this request on the basis that Michael Licari's entire employment file is not relevant to the issues or defenses in this case, and this request is not reasonably calculated to lead to the discovery of admissible evidence at trial. Specifically, in this case, Plaintiff has alleged claims against Hobby Lobby for libel, false arrest and malicious prosecution. Plaintiff has not asserted any employment claims or any claims where the information contained in his supervisor's employment file could be relevant. Moreover, this employment file

contains confidential and personal information. Hobby Lobby has produced all information regarding Michael Licari as it relates to the incident surrounding Plaintiff's claims.

*8. Mary Dellofano's entire employee file.*

INITIAL RESPONSE (Served September 1, 2015): Objection. This request is overbroad, unduly burdensome, not sufficiently limited in time or scope, harassing, and calls for confidential information. Further, this request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

BELATED SUPPLEMENTAL RESPONSE (Served January 7, 2016): Hobby Lobby objects to this request on the basis that Mary Dellofano's entire employment file is not relevant to the issues or defenses in this case and this request is not reasonably calculated to lead to the discovery of admissible evidence at trial. Specifically, in this case, Plaintiff has alleged claims for libel, false arrest and malicious prosecution. Plaintiff has not asserted any employment claims and even if he had, the employment files of non-comparator, non-party witnesses and co-employees are not relevant to any factual or legal issue. Moreover, this employment file contains confidential and personal information.

*9. Ramon Dendaviarina's entire employee file.*

INITIAL RESPONSE (Served September 1, 2015): Objection. This request is overbroad, unduly burdensome, not sufficiently limited in time or scope, harassing, and calls for confidential information. Further, this request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

BELATED SUPPLEMENTAL RESPONSE (Served January 7, 2016): Hobby Lobby objects to this request on the basis that Ramon Denaviarina's entire employment file is not relevant to the issues or defenses in this case and this request is not reasonably calculated to lead to the discovery of admissible evidence at trial. Specifically, in this case, Plaintiff has alleged claims for libel, false arrest and malicious prosecution. Plaintiff has not asserted any employment claims and even if he had, the employment files of non-comparator, non-party witnesses and co-employees are not relevant to any factual or legal issue. Moreover, this employment file contains confidential and personal information.

*10. Nick Hiller's entire employee file.*

INITIAL RESPONSE (Served September 1, 2015): Objection. This request is overbroad, unduly burdensome, not sufficiently limited in time or scope, harassing, and calls for confidential information. Further, this request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

BELATED SUPPLEMENTAL RESPONSE (Served January 7, 2016): Hobby Lobby objects to this request on the basis that the entire employment file is not relevant to the issues or defenses in this case and this request is not reasonably calculated to lead to the discovery of admissible evidence at trial. Specifically, in this case, Plaintiff has alleged claims for libel, false arrest and malicious prosecution. Plaintiff is impermissibly seeking the entire employment file for a witness disclosed by Hobby Lobby pursuant to Fed.R.Civ.P 26. Moreover, this employment file contains confidential and personal information.

*11. Corey Cozens' entire employee file.*

INITIAL RESPONSE (Served September 1, 2015): Objection. This request is overbroad, unduly burdensome, not sufficiently limited in time or scope, harassing, and calls for confidential information. Further, this request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

BELATED SUPPLEMENTAL RESPONSE (Served January 7, 2016): Hobby Lobby objects to this request on the basis that Corey Cozens' entire employment file is not relevant to the issues or defenses in this case and this request is not reasonably calculated to lead to the discovery of admissible evidence at trial. Specifically, in this case, Plaintiff has alleged claims for libel, false arrest and malicious prosecution. Plaintiff has not asserted employment claims and even if he had, the entire employment files of non-party, non-comparator, co-employee witness are not relevant. Moreover, this employment file contains confidential and personal information.

*12. Destinie Crupi's entire employee file.*

INITIAL RESPONSE (Served September 1, 2015): Objection. This request is overbroad, unduly burdensome, not sufficiently limited in time or scope, harassing, and calls for confidential information. Further, this request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

BELATED SUPPLEMENTAL RESPONSE (Served January 7, 2016): Hobby Lobby objects to this request on the basis that Destinie Crupi's entire employment file is not relevant to the issues or defenses in this case and this request is not reasonably calculated to lead to the discovery of admissible evidence at trial. Specifically, in this case, Plaintiff has alleged claims for libel, false arrest and malicious prosecution. Plaintiff has not asserted any employment claims and even if he had, the entire employment files of nonparty, non-comparator, co-employee witnessed are not relevant. Moreover, this employment file contains confidential and personal information.

In addition to the enumerated responses, both HOBBY's initial boilerplate objections response, and its supplemental response, both included an identical asserted right to preserve the right to supplement:

> Hobby Lobby's ongoing discovery, analysis, and investigation may disclose the existence of additional facts, add meaning to known facts, support new legal or factual contentions, and may lead to additions or modifications to these responses. The responses set forth below are therefore based upon information currently known and available to Hobby Lobby at the time these responses are made. *Accordingly, Hobby Lobby reserves the right, at any time, to amend, revise, correct, add to, supplement, modify, or clarify any specific objections or responses*. Hobby Lobby further reserves the right to make use of, or introduce in any hearing or at trial, information not known to exist at the time of these responses, including, but not limited to, information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure.

(emphasis added.)

As the following argument illustrates, HOBBY's boilerplate objections asserted in its initial production response should be overruled, and, its belated supplemental responses should be overruled—and also waived. Therefore, respectfully, production of the requested documents should be compelled by court order.

## ARGUMENT

HOBBY's unspecific objections in its initial responses to the requests for production on the grounds that they are overbroad, unduly burdensome, not limited in scope, harassing, irrelevant, and not reasonably calculated to lead to admissible evidence amount to nothing more than impermissible boilerplate objections, which should, respectfully, be overruled.

HOBBY's objections on the grounds that the requests seek confidential and proprietary information similarly were unspecific and should be overruled, but to the extent these objections were directed to potentially sensitive content in requested employee files, HOBBY should have articulated the nature of that content, and withheld only documents of that sensitive nature.

6

**A. Boilerplate Objections concerning Relevance and Breadth Are Insufficient without the Objecting Party Explaining Why the Discovery Is Overbroad or Irrelevant.**

A party objecting to a request for production must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(b). Objections to discovery must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." *Panola Land Buyers Assoc. v. Shuman*, 762 F.2d 1550,1559 (11th Cir. 1985). "Objections to discovery on the grounds that it is over broad and not relevant are not sufficient, the objecting party should state why the discovery is overly broad or not relevant." *Moss v. Geico Indemnity Co.*, 2012 WL 682450 at * 2 (M.D. Fla. 2012) *citing Josephs v. Harris Corporation*, 677 F.2d 985, 992 (3d Cir.1982). Where a party makes "unexplained, boilerplate objections to certain production requests", those objections should be overruled. *Nationwide Mutual Fire Insurance Co. v. Kelt, Inc.*, 2015 WL 1470971 * 3 (M.D. Fla. 2015). "'Parties are not permitted to assert these types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable.'" *Id. citing Arthrex, Inc. v. Parcus Medical, LLC*, No. 2:11-cv-694-FtM-29SPC, 2012 WL 5382050, at *3 (M.D. Fla. Nov. 1, 2012)

The *Moss* court, applying this district's Discovery Handbook, puts onus on the party "receiving a request for documents or a subpoena duces tecum [to] reasonably and naturally interpret it, recognizing that the attorney serving it generally does not have specific knowledge of the documents sought." *Moss*, 2012 WL 682450 * 2 *citing* Middle District Discovery Handbook (2001).[1]

---

[1] While the *Moss* court was applying the 2001 edition of the handbook, the Middle District Discovery Handbook, rev. 2015, III(A)(3) "Reading and Interpreting Requests for Documents" contains identical language.

7

In the case at bar, HOBBY's initial response to Plaintiff's First Request for Production offered no explanation for its objections. As such, all objections should, respectfully, be overruled.

**B. HOBBY, as Employer, Has No Privacy Rights in Its Employees' Personnel Files, and Should Produce All Records within Its Possession.**

An employer has no privacy rights in an employee's personnel file. *Alterra Healthcare Corporation v. Estate of Shelley,* 827 So.2d 936 (Fla. 2002). Notwithstanding that, the Middle District has distinguished sensitive information contained in personnel files from that which should be more readily discoverable for not raising privacy concerns. *Moss*, 2012 WL 682450 * 4. In the *Moss* case, this Court ordered the discovery of "information in [the objecting party's] personnel files concerning its employee's training, competence, abilities, shortcomings, accolades and disciplinary history," while not ordering the production of documents reflecting "compensation, health, benefits, pensions and the like …" *Id*. In so doing, the court determined that the objecting party's failure to specify the reasoning for its objections prevented that party from placing the burden on the requesting party to prove relevance. *Id*. Because the court determined that the relevance in the less-sensitive documents in the personnel files was readily apparent, the *Moss* court ordered production of those documents. *Id*.

Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Roesberg v. Johns–Manville Corp.,* 85 F.R.D. 292, 296 (E.D.Pa.1980); *see also Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556 (7th Cir. 1984) (If

court is in doubt concerning the relevancy of requested discovery the discovery should be permitted.).

As already stated, HOBBY's initial objections to the production requests were unquestionably boilerplate and unspecific. Defendant therefore did not satisfy the requirements of Fed. R. CIv. P. 34(b)(2)(B). "The general rule is that the party objecting to a request for production has the burden to show specifically why the request is improper and not relevant." *Moss*, 2012 WL 682450 * 4 *citing Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 689 (S.D. Fla. 2011). Regardless, Plaintiff, as the requesting party, would only need to articulate the reasons for relevance when the relevance of the items sought was not readily apparent. *Id*. In the case at bar, the relevance of the employee files is readily apparent, and HOBBY has not indicated with any specificity that there are any sensitive documents in any of the employee files.

First, as discussed, all employee files requested were tailored to include only the files of specific employees that HOBBY has identified as having personal knowledge of the facts at the time of the incidents giving rise to the litigation. Plaintiff has alleged that HOBBY's employees, including specifically Michael Licari, engaged in bad actions, including promulgating baseless rumors, and making a slanderous police report, ultimately resulting in the wrongful arrest and detention of Plaintiff. Therefore, the relevance of disciplinary, achievement, promotion, and other records for the various employees whose files were requested is readily apparent to the issues at bar, as there is certainly the "possibility that the information sought may be relevant to the subject matter of the action." Each of those specific employees' credibility and partiality will be at issue at trial. Additionally, the disciplinary history of the employees may support the allegations that particular employees engaged in bad actions. The achievement and promotion records may shed light, among other things, on potential motives for promulgating rumors that

9

ultimately resulted in the alleged false arrest or detention of Plaintiff, their then coworker, and the termination of Plaintiff's employment.

Second, Plaintiff's employee file, which has already been produced, reveals that producing the employee files would not be overly burdensome. Plaintiff's employee file—produced in its entirety—spans twenty-three (23) pages. Furthermore, HOBBY's counsel has confirmed to the undersigned that HOBBY only places "signature pages or other relevant pages in the employee's file," and the undersigned has never been informed that any of the requested employee files contain contents of a different nature.

Third, it is the undersigned's understanding—again based upon the contents of Plaintiff's produced employee file—that employee health records and compensation documents, which have been identified in local jurisprudence as sensitive records, are not even stored by HOBBY in its employee files. Fourth, in this case the parties have executed a confidentiality stipulation concerning discovery produced in this case that has been identified as confidential, which should alleviate concerns about the personnel files' potentially sensitive content being produced. Per the agreement, documents identified as confidential may not be filed or shared with most third parties without court order or approval of the parties.

**C. HOBBY's supplemental belated responses—containing more specified objections—may not cure HOBBY's initial responses.**

HOBBY's incorporation of more specific objections in its supplemental responses is unauthorized by the Fed. R. Civ. P.

This issue was considered in the case *Hobley v. Chicago Police Commander*, 2003 WL 22682362 (N.D. Ill. 2003) wherein the court considered whether a party was entitled to "preserve" an objection, by asserting a boilerplate objection. In overruling the boilerplate

objections, the court articulated that the rules of procedure do not permit the reservation of objections:

> The irony, of course, is that the types of objections served by the City are insufficient to preserve any proper objections. As discussed in the October 14 Opinion (at 3), it is well established that generalized, boilerplate objections are insufficient. *See, e.g., Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982) (holding that "the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory.") Objections must not only be timely, they must be proper, or the result is waiver. "There is no provision in the Federal Rules for preserving objections ... Having failed to answer or make specific legitimate objections to particular interrogatories within the time allowed, defendants were held to have waived objections to all interrogatories." *Casson Const. Co., Inc. v. Armco Steel Corp., et al.*, 91 F.R.D. 376, 379–80 (D.Kan.1980) (affirming magistrate's order that defendants had waived any objections and did not preserve the right to make "substantive" objections after the response date had passed).
> …
> The court should not be required to work its way through pages of boilerplate objections only to hear that those objections were not the responding party's "real" position … That is not what the Rules contemplate and require of attorneys practicing in federal court.

*Id.* at *4-5.

In the case at bar, HOBBY's boilerplate responses were inadequate as a matter of law, and could not act to "preserve" the right to amend those responses at a later time. Therefore, the responses at issue should remain the initial responses served in September 2015.

However, even were the supplemental objections properly at issue, those objections should still be overruled for the reasons articulated in section B of this motion.

### ENTITLEMENT TO FEES AND COSTS

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a movant's motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion...to pay the movant's reasonable expenses incurred in making the

motion, including attorney's fees." The only exceptions are where: (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Respectfully, Plaintiff submits that none of the foregoing exceptions are applicable, and therefore Plaintiff requests that his attorney's fees and costs necessitated by the prosecution of this motion be reimbursed by HOBBY.

**WHEREFORE**, Plaintiff respectfully requests that this Court order the production of the documents requested in Plaintiff's First Request for Production of Documents, and order that HOBBY pay Plaintiff's reasonable expenses incurred in making the motion, including attorney's fees.

## GOOD FAITH CERTIFICATION

Pursuant to Fed. R. Civ. P. 37(a)(1), Plaintiff, by and through the undersigned, hereby certifies that prior to filing this Motion, Plaintiff's counsel conferred with HOBBY's counsel in a good faith effort to resolve the issues raised by this Motion without court action.

                                                /s/ Keith Arago  
                                                KEITH P. ARAGO  
                                                Trial Counsel  
                                                Florida Bar Number: 100508

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/ Keith Arago
KEITH P. ARAGO
Trial Counsel
Arago Law Firm, PLLC
Attorney for Plaintiff, ISMAEL LOZADA
Florida Bar Number: 100508
PO Box 452275
KISSIMMEE, FL  347345-2275
Telephone: (407) 344-1185
Fax: (407) 201-6798
E-Mail: keitharago@aragolaw.com
Secondary E-Mail: maureenarago@aragolaw.com