UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISMAEL LOZADA,

    Plaintiff,

v.                                                  Case No:   6:15-cv-711-Orl-41TBS

HOBBY LOBBY STORES, INC.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Plaintiff's Renewed Motion to Compel Production of Documents (Doc. 20) and Plaintiff's Opposed Motion to Extend Discovery Deadline (Doc. 21).   Defendant has filed responses in opposition to both motions (Docs. 25-26).   For the reasons that follow, the motions are due to be denied.

### I. Background

Defendant employed Plaintiff on a part-time basis at its store in Kissimmee, Florida (Doc. 2, ¶ 7; Doc. 25 at 1).   In February, 2015, Defendant's employees reported disturbing conduct by Plaintiff to the store manager and co-manager.   They related that Plaintiff had said he was angry because there was no full-time position for him (Doc. 25 at 1).   Plaintiff had told one employee to "watch your back" because Plaintiff was going to "shoot up the place."   (Id.).   Plaintiff had told another employee he was going to start a fight with his managers who "would not like what they will see."   (Id. at 2).   Plaintiff had displayed pictures of guns, told co-workers he kept a gun in his car, and said he was going to "shoot everyone" if he did not obtain a full-time position (Id.).   The employees

who reported hearing these statements and seeing the pictures gave written statements, all of which have been produced to Plaintiff (Id. at 2-3, 15-19).  Defendant reported Plaintiff's behavior to law enforcement, and Osceola County Deputy Sheriff Tate Wilson responded to the store (Id. at 3).  The store manager briefed Deputy Wilson who went directly to Plaintiff's home to interview him (Id. at 4).  Plaintiff told Deputy Wilson he wanted a full-time position, would be upset if he was not given one, and said he owned a gun (Id. at 22).  Deputy Wilson determined to take Plaintiff into custody pursuant to Florida's Baker Act.[1]  In his report the deputy wrote:

> Based on the above information, I have reason to believe [Plaintiff] is unable to determine for himself whether an examination is necessary and there is a substantial likelihood that without care or treatment he would cause serious bodily harm to himself or others as evidenced by the above described statements.  I transported [Plaintiff] to the Park Place Behavioral Health Care Facility for treatment and evaluation.  A report was taken to document the incident.

(Id.).  Plaintiff was held against his will at Park Place for approximately 36 hours (Doc. 2, ¶¶ 10-11).  After he was released, Defendant informed Plaintiff that his employment had been terminated (Doc. 20 at 2).  Plaintiff brings this lawsuit for false arrest, wrongful confinement, libel, slander, and malicious prosecution (Doc. 2).  Defendant removed the case from state court to this Court based upon the existence of diversity jurisdiction (Doc. 1).

On August 4, 2015, Plaintiff propounded his first request for production to Defendant (Doc. 20 at 2).  Defendant served a timely response which included objections to eight of the requests (Id. at 3).  Plaintiff filed a motion to compel production

---

[1] Among other things the Baker Act, also known as "The Florida Mental Health Act" provides for the involuntary examination of persons believed to have a mental illness when "[t]here is a substantial likelihood that without care or treatment the person will cause serious bodily harm to himself or herself or others in the near future, as evidenced by recent behavior."  FLA. STAT. § 394.463(1)(b)(2).

(Id.).   After the motion was filed counsel agreed that Plaintiff would withdraw the motion to compel, and Defendant would amend and supplement its responses to the requests for production (Doc. 25 at 24-25).   The motion to compel was withdrawn, and Defendant served its amended response in which it withdrew its objections to two requests while maintaining and expanding upon its objections to the remaining six requests (Doc. 20 at 3).   The requests to which Defendant objects seek its personnel files for the three employees who reported Plaintiff's statements, the store manager, co-manager, and district manager (Id. at 3-5).   Pending before the Court is Plaintiff's motion to compel documents in response to these requests.   Request number 5 and Defendant's initial and supplemental responses are representative of all six requests and responses:

> REQUEST: Michael Licari's entire employee file, including both positive and negative comments concerning Michal Licari from any co-workers, supervisors, or staff of Defendant.
>
> INITIAL RESPONSE: Objection.   This request is overbroad and unduly burdensome, harassing and calls for confidential information.   Further, this request seeks documents that are confidential, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.
>
> SUPPLEMENTAL RESPONSE: Hobby Lobby objects to this request on the basis that Michael Licari's entire employment file is not relevant to the issues or defenses in this case, and this request is not reasonably calculated to lead to the discovery of admissible evidence at trial.   Specifically, in this case, Plaintiff has alleged claims against Hobby Lobby for libel, false arrest and malicious prosecution.   Plaintiff has not asserted any employment claims or any claims where the information contained in his supervisor's employment file could be relevant.   Moreover, this employment file contains confidential and personal information.   Hobby Lobby has produced all information regarding Michael Licari as it relates to the incident surrounding Plaintiff's claims.

(Doc. 20 at 3-4).

## II. Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). As the rule makes clear, there are limits to what a party may discover.

Parties may serve requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents, electronically stored information, or other "tangible things" that are "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). Requests "(A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection ... ; and (C) may specify the form or forms in which the electronically stored information is to be produced." FED. R. CIV. P. 34(b)(1). The recipient of a request for production has 30 days to respond. FED. R. CIV. P. 34(b)(2)(A). For each request, the responding party "must either state that inspection ... will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). Documents must be produced as they are kept in the ordinary course of business or must be "organize[d] and label[ed] to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i). "[A]n evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

When a party "fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34," the requesting party can move for an order compelling production. FED. R. CIV. P. 37(a)(3)(B)(iv). The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). See also M.D. FLA. R. 3.01(g). Plaintiff has satisfied this prerequisite. "The proponent of a motion to compel discovery … bears the initial burden of proving that the information sought is relevant." Moore v. Lender Processing Servs. Inc., No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013) (internal quotations omitted) (quoting Diamond State Ins. Co. v. His House, Inc., No. 10-20039-CIV, 2011 WL 146837, at *5 (S.D. Fla. Jan. 18, 2011)).

### III. Discussion

Defendant does not have standing to assert its employees' privacy rights in their personnel files. Aidone v. Nationwide Auto Guard, LLC, No. 13-60893-civ, 985 F. Supp. 2d 1346, 1350 (S.D. Fla. 2013) (citing Adelman v. Boy Scouts of Am., No. 10-22236-civ, 276 F.R.D. 681, 694 (S.D. Fla. Aug. 19, 2011)). But, Defendant does have standing to oppose the production of employee personnel files on the ground that the information is not relevant to the litigation. The Court has also decided to consider the employees' privacy interests despite Defendant's lack of standing on account of the nature of the files and the Court's understanding that the employees are unaware that the files are being sought and have not had an opportunity to object to the requests.

Defendant's original objections are of the improper boilerplate variety. "'Parties are not permitted to assert these types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable.'" Arthrex, Inc. v.

Parcus Med., LLC, No. 2:11-cv-694-FtM-29SPC, 2012 WL 5382050, at *3 (M.D. Fla. Nov. 1, 2012) (quoting Martin v. Zale Delaware, Inc., No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555 (M.D. Fla. Dec. 15, 2008)); Nationwide Mut. Fire Ins. Co. v. Kelt, Inc., No. 6:14-cv-749-Orl-41TBS, 2015 WL 1470971, at *3 (M.D. Fla. Mar. 31, 2015); Martin, 2008 WL 5255555 at * 1 ("Objections stating that a request is 'vague,' 'overly broad,' or 'unduly burdensome' are meaningless standing alone.").

Plaintiff argues that Defendant's incorporation of more specific objections into its supplemental responses is not allowed and the Court should rule based upon Defendant's original objections. Defendant asserts that its supplemental objections are proper based upon the agreement of counsel that the original motion to compel would be withdrawn, and that Defendant would supplement its response. Defendant characterizes this as an agreement pursuant to FED. R. CIV. P. 29(b) which provides that without a court order, the parties may stipulate that the procedures governing or limiting discovery be modified, so long as the modification does not interfere with the discovery deadline, the time for hearing a motion, or trial. The Court's local rules provide that an agreement between parties concerning a pending case, the existence of which is not conceded, must be made before the Court and noted in the record or reduced to writing and subscribed by the party or attorney against whom it is asserted. M.D. FLA. R. 4.15(a). Defendant relies on an email string of messages between the parties' attorneys (Doc. 25 at 24-25). The emails do not unambiguously support Defendant's claim.[2] Therefore, and because

---

[2] Defendant's initial email states: "I will await your withdrawal of your motion and I will amend my responses in the next few days to clarify which objections Hobby Lobby continues to assert and which ones it has withdrawn." (Doc. 25 at 25). In a follow-up email, Defendant's counsel stated "I will get you my amended discovery responses in the next few days unless you need them today." (Id. at 24). Plaintiff's lawyer responded: "I do not need the supplemental responses today." (Id.). Defense counsel's original email suggests that the parties did not agree to let Defendant add to its objections; Defendant was to clarify what objections it would abandon and what objections it would "continue[] to assert." (Id. at 25). At the same time, Plaintiff's email refers to "supplement responses," which could be construed to mean Defendant

- 6 -

Plaintiff denies agreeing that Defendant could amend its objections, the Court finds that Defendant has not met its burden of proof. It follows from this finding that Defendant's supplemental objections were untimely.

Nevertheless, Plaintiff is not entitled to discover the personnel files. Federal courts sitting in diversity apply state substantive law and federal procedural law. Douglas v. Zachry Indus., Inc., No. 6:13-cv-1943-Orl-40GJK, 2015 WL 6750803, at *3 (M.D. Fla. Nov. 5, 2015) (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). Federal courts recognize that personnel files contain private information, and that courts should exercise caution in permitting the discovery of information which may embarrass non-party employees. Sanchez v. Cardon Healthcare Network, LLC, No. 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *2 (M.D. Fla. May 29, 2013); Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 184 (E.D. Pa. 2004) ("Federal courts have recognized a "heightened standard of relevance" for discovery of information contained in personnel files."); Coker v. Duke & Co., Inc., 177 F.R.D. 682, 685 (M.D. Ala. 1998).[3] Federal courts recognize "a strong public policy against the discovery of personnel files" and permit "the discovery of such files … only if (1) the material sought is clearly relevant and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable." Coker, 177 F.R.D. at 685 (internal quotations omitted).

Plaintiff argues that the contents of the personnel files are relevant because they may contain information concerning disciplinary actions, achievements, promotions, and other records that may be relevant to this action. Plaintiff speculates that the employees'

---

would be permitted to amend its objections.
    [3] Florida courts are in agreement. Walker v. Ruot, 111 So. 3d 294, 295 (Fla. Dist. Ct. App. 2013) ("Personnel files undoubtedly contain private information.").

"disciplinary history … may support the allegations that particular employees engaged in bad actions," and the employees' "achievement and promotion records may shed light … on potential motives for promulgating rumors that ultimately resulted in the alleged false arrest or detention of Plaintiff, their then coworker, and the termination of Plaintiff's employment." (Doc. 20 at 9-10). Plaintiff also argues that the personnel files are relevant to the employees' credibility and partiality.

Plaintiff's arguments fall well short of what is required to show relevancy or a compelling need for the information. What is missing are facts to support his hopes. See Fair Hous. Ctr. of the Greater Palm Beaches, Inc. v. High Point of Delray Beach Condo. Ass'n, Section 1, Inc., No. 05-81040-CIV, 2006 WL 8066685, at *3 (S.D. Fla. Oct. 23, 2006) (a party seeking disclosure of a personnel file for credibility purposes must show that it has a foundation or factual basis for its inquiry) (citing Davidson Pipe Co. v. Laventhol & Horwath, 120 F.R.D. 455, 462-464 (S.D.N.Y. 1988)). Plaintiff has not only failed to satisfy his burden to show the relevancy of the files, but he has also not explained why most, if not all of the information he seeks cannot be obtained from the employees at their depositions. Accordingly, the motion to compel is **DENIED**.

Plaintiff has also requested an extension of the discovery deadline to pursue further discovery based upon facts learned from the personnel files. (Doc. 21 at 2). Because the motion to compel is denied there is no need for the extension and that motion is also **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 1, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record