UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISMAEL LOZADA,

     Plaintiff,

vs.                                                                            CASE NO. 6:15-cv-711-Orl-
                                                                                      41TBS

HOBBY LOBBY STORES, INC.,

     Defendant.

_____/

## HOBBY LOBBY'S MOTION FOR ATTORNEYS' FEES

Defendant, HOBBY LOBBY STORES, INC. ("Hobby Lobby"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 54, Fla. Stat. § 768.79, and Fla. R. Civ. P. 1.442, submits this Motion for Attorneys' Fees and states in support:

## I.     PROCEDURAL BACKGROUND

1.     Plaintiff initiated the instant action by filing the Complaint in Florida state court on April 6, 2015. (*See* Doc. No. 2).

2.     On May 4, 2015, Hobby Lobby removed the case to this Court. (Doc. No. 1).

3.     On October 12, 2015, Hobby Lobby served Plaintiff with a Proposal for Settlement and Offer of Judgment (the "Proposal") and a cover letter. A true and correct copy of Hobby Lobby's October 12, 2015 email, cover letter, and Proposal are attached as **Composite Exhibit A**.

4.     In the Proposal, Hobby Lobby offered to settle all claims by paying Plaintiff $1,000.00 in exchange for voluntary dismissal. The Proposal indicated that Plaintiff could accept Hobby Lobby's Proposal on or before November 12, 2015.

5.     Plaintiff did not accept Hobby Lobby's Proposal.

6.     On April 4, 2016, Hobby Lobby filed its Motion for Final Summary Judgment. (Doc. No. 34).

7.     On August 11, 2016, the Court issued an Order granting Hobby Lobby's Motion and directing the Clerk to enter judgment in favor of Hobby Lobby on all claims. (Doc. No. 41).

8.     The Clerk entered judgment in favor of Hobby Lobby and against Plaintiff on August 12, 2016. (Doc. No. 42).

9.     Having prevailed, Hobby Lobby now files this Motion to recover the attorneys' fees it incurred in defending this action.

## II.     MEMORANDUM OF LAW

### A.     Federal Courts Sitting in Diversity Apply Florida Law Governing Proposals for Settlement and Offers of Judgment

"It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.' " *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010). "Substantive in this context means that the state law applicable to the issue or issues of the suit would significantly affect the outcome of the suit." *Maryland Cas. Co. v. Williams*, 377 F.2d 389, 393 n.1 (5th Cir. 1967). "If so, the federal court must apply the applicable state law on these issues, and will follow its own rules of procedure." *Id.* (internal citation omitted).

2

The Eleventh Circuit has held that section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442 are substantive law for purposes of an analysis under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), and therefore should be applied by federal courts sitting in diversity. *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011).

This Court has subject matter jurisdiction over the instant action by diversity, and Florida law provides the substantive law in this case. Therefore section 768.79 and Rule 1.442 apply to this action.

**B.      Hobby Lobby's Proposal for Settlement Complied with the Requirements of Florida's Statute and Rule**

Hobby Lobby's Proposal complied with the requirements of section 768.79, which governs offers of judgments. The Proposal was in writing and identified that it was made pursuant to section 768.79. (Proposal ¶ 2); *see* Fla. Stat. § 768.79(2)(a). The Proposal indicated it was an offer from Hobby Lobby to Plaintiff. (Proposal ¶ 3); *see* Fla. Stat. § 768.79(2)(b). The Proposal stated that Hobby Lobby offered $1,000.00 to resolve all claims and $0.00 for Plaintiff's claim for punitive damages. (Proposal ¶ 8); *see* Fla. Stat. § 768.79(2)(c). The Proposal also clearly stated the total amount of the offer was $1,000.00. (Proposal ¶¶ 4[1], 8); *see* Fla. Stat. § 768.79(2)(d). Accordingly, the Proposal satisfied all requirements for an offer of judgment.

Hobby Lobby's Proposal also complied with the requirements of Rule 1.442, which governs proposals for settlement. Hobby Lobby served the Proposal on Plaintiff

---

[1] Due to a typo, the Proposal contains two paragraphs labeled "4." This refers to the first paragraph 4.

more than ninety days after the action commenced and more than forty-five days before the trial date. *See* Fla. R. Civ. P. 1.442(b). The Proposal was in writing and identified that it was made under Rule 1.442 and section 768.79. (Proposal ¶ 2); *see* Fla. R. Civ. P. 1.442(c)(1). The Proposal indicated Hobby Lobby was making the proposal to Plaintiff. (Proposal ¶ 3); *see* Fla. R. Civ. P. 1.442(c)(2)(A). The Proposal indicated it would resolve all damages that would otherwise be awarded in a final judgment in this action. (Proposal ¶ 4); *see* Fla. R. Civ. P. 1.442(c)(2)(B). The Proposal also provided it was conditioned on settlement of all pending claims against Hobby Lobby. (Proposal ¶ 4); *see* Fla. R. Civ. P. 1.442(c)(2)(C). The Proposal indicated the total amount of the Proposal ($1,000.00) and also the nonmonetary terms of the Proposal (that Plaintiff would voluntarily dismiss this action after accepting the Proposal). (Proposal ¶¶ 4, 5, 8); *see* Fla. R. Civ. P. 1.442(c)(2)(D). The Proposal stated that Hobby Lobby offered $0.00 to settle Plaintiff's claim for punitive damages. (Proposal ¶ 8); *see* Fla. R. Civ. P. 1.442(c)(2)(E). The Proposal included all attorneys' fees. (Proposal ¶ 4[2]); *see* Fla. R. Civ. P. 1.442(c)(2)(F). The Proposal included a certificate of service in the form required by Rule 1.080. (Proposal, p. 3); *see* Fla. R. Civ. P. 1.442(c)(2)(G). Therefore, the Proposal satisfied all the requirements of a proposal for settlement.

Plaintiff failed to accept Hobby Lobby's Proposal within 30 days or at any time thereafter and therefore rejected the Proposal. Fla. R. Civ. P. 1.442(f)(1); Fla. Stat. § 768.79(4). Because Hobby Lobby obtained a judgment of no liability on all claims, Hobby Lobby is entitled to recover reasonable attorneys' fees from the date Hobby

---

[2] This refers to the second paragraph 4.

Lobby served the Proposal on Plaintiff, October 12, 2015, through the final resolution of this action. Fla. R. Civ. P. 1.442(f)(1), (g); Fla. Stat. § 768.79(6)(a); *see Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1360 (S.D. Fla. 2010) ("The case law is clear that a prevailing party is entitled to recover their attorney's fees going back to the date the offer of judgment was served.").[3] Hobby Lobby is also entitled to recover attorneys' fees generated in litigating Hobby Lobby's entitlement to attorneys' fees under section 768.79. *See McMahan v. Toto*, 311 F.3d 1077, 1086 (11th Cir. 2002).

### C.   Hobby Lobby's Request for Attorneys' Fees Is Reasonable

#### 1.   Legal Standard

In federal court, an award of attorneys' fee is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1999)). The movant bears the burden of establishing the relevant market rate. *See Barnes*, 168 F.3d at 427. Once this "lodestar" amount is calculated, the Court has the discretion of adjusting it up or down depending on the results obtained. *See Barnes,* 168 F.3d at 427.

---

[3] Although section 768.79 refers to the "date of filing," courts have interpreted this to mean the date the defendant served the offer on the plaintiff, given there is no requirement to file an offer of judgment with the court until filing becomes necessary as a means of recovering attorney's fees. *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1356 (S.D. Fla. 2010); *Cooper v. Brickell Bayview Real Estate, Inc.*, 711 So. 2d 258, 258 (Fla. 3d DCA 1998).

A reasonable hourly rate is determined by "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 437 (*quoting Norman*, 836 F.2d at 1299). Generally, "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.' " *Barnes*, 168 F.3d at 437 (*quoting Cullens v. Georgia Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

To determine reasonableness, federal courts consider the twelve *Johnson* factors:

1. The time and labor required;

2. The novelty and difficulty of the questions presented by the case;

3. The level of skill required to perform the legal service properly;

4. The preclusion of employment by the attorney due to acceptance of the case;

5. The attorney's customary hourly rate;

6. Whether the fee is fixed or contingent;

7. The time limitations imposed by the client or the circumstances;

8. The amount involved in the case and the results obtained;

9. The experience, reputation, and ability of the attorneys;

10. The "undesirability" of the case;

11. The nature and length of the professional relationship with the client; and

12. Awards in similar cases.

*See Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718-19 (5th Cir. 1974).

Section 768.79(7)(b), Florida Statutes, provides its own list of factors that courts should consider in determining the reasonable amount of an award of attorneys' fee:

1. The-then apparent merit or lack of merit in the claim;

2. The number and nature of offers made by the parties;

3. The closeness of questions of fact and law at issue;

4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer;

5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties; and

6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

*See* Fla. Stat. § 768.79(7)(b); *Strait v. Busch Entm't Corp.*, 2007 WL 788919, *1 (M.D. Fla. March 14, 2007) (noting that the District Court "must consider" section 768.79 factors in determining the reasonableness of an attorneys' fee award).

All relevant factors are examined in turn below.

### 2.    Attorneys Providing Services to Hobby Lobby

During the relevant time period, three Burr & Forman attorneys provided legal services for Hobby Lobby in this action. Howard Marks, a partner with over twenty-eight years of experience, expended 54.5 hours of work defending the instant action. Mr. Marks' standard billing rate is $520.00 per hour, but he discounted his rate to $340.00 per hour to provide additional value to Hobby Lobby. Sheena Thakrar, a ten-year associate attorney, worked 26 hours at a rate of $245 per hour, which reflected a discount from her standard billing rate of $340.00. Baya Harrison, a second-year associate attorney, billed 139.3 hours at a rate of $245.00 per hour.

28089116 v1

In general, only two attorneys provided legal services at any one time: a supervising partner (Mr. Marks) and an associate (first Ms. Thakrar and later Mr. Harrison). Mr. Harrison assumed Ms. Thakrar's duties with respect to this case on January 31, 2016. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) ("There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer.").

### 3.   Lodestar of Attorneys' Fees

Hobby Lobby served its Proposal on Plaintiff on October 12, 2015. Between that time and August 20, 2016, Hobby Lobby's attorneys expended 219.80 hours at a blended billable rate of $268.56 per hour.

### 4.   Prevailing Market Rate

Plaintiff initiated this action in the Circuit Court for Osceola County, Florida, and Hobby Lobby removed the action to this Court a month later. The parties have litigated this case in this Court for the past year and three months. The relevant market for purposes of determining the reasonable hourly rate for an attorney's service is therefore Orlando, or the central Florida region more generally. *See Barnes*, 168 F.3d at 437 (the "relevant market" is the place where the case is filed).

In support of its fee application, Hobby Lobby offers the expert affidavit of Richard Dellinger, Esq., an attorney with over sixteen years of litigation experience in the central Florida area. Mr. Dellinger has litigated similar cases and is familiar with the prevailing reasonable hourly rates in the central Florida region for partners and associates

litigating similar cases. Mr. Dellinger is also familiar with the amount of time necessary to litigate different stages of a similar action, such as responding to discovery requests, taking and defending depositions, drafting motions for summary judgment, drafting replies to responses to motions for summary judgment, drafting motions in limine, and preparing for trial.

According to Mr. Dellinger, a reasonable rate for litigating this case would be $60,000. Mr. Dellinger has also testified that the time Hobby Lobby's attorneys expended litigating the different stages of this case was reasonable.

### 5.   Reasonableness of Hobby Lobby's Attorneys' Fees - *Johnson* Factors

The attorneys' fees requested by Hobby Lobby are reasonable under an analysis of the *Johnson* factors.

#### a.   The time and labor required

Obtaining a complete defense judgment in this case required substantial work in a relatively limited period of time. The parties conducted four depositions. Plaintiff deposed the Kissimmee Store manager (Michael Licari) and co-manager (Mary Dellofano). Hobby Lobby deposed the sheriff's deputy who investigated Hobby Lobby's report and who detained Plaintiff (Deputy Gary Tate Wilson). Hobby Lobby also deposed Plaintiff, although Plaintiff's deposition occurred before Hobby Lobby served the Proposal. Each of these depositions required Hobby Lobby's attorneys to expend time preparing and conducting the depositions.

Hobby Lobby's attorneys spent time defeating Plaintiff's Amended Motion to Compel. Plaintiff's Amended Motion to Compel sought production of personnel files of

Hobby Lobby employees who had knowledge of the events that were the subject of the Complaint. Hobby Lobby's attorneys defeated Plaintiff's Amended Motion to Compel by arguing the personnel files were irrelevant to Plaintiff's claims. (*See* Doc. No. 28).

Hobby Lobby's attorneys also expended time preparing for mediation, drafting a mediation statement, and attending mediation with Plaintiff in an attempt to resolve this action.

Hobby Lobby's attorneys also drafted Hobby Lobby's Motion for Final Summary Judgment, which required analyzing and comparing the allegations in Plaintiff's Complaint to the deposition testimony of the witnesses and the written statements collected by Hobby Lobby. Hobby Lobby's attorneys researched issues such as: whether an employer is vicariously liable for the intentional torts of its employees; whether intra-company communications are privileged from claims of defamation; whether reports to law enforcement of threats of violence are privileged from claims of defamation; and whether providing law enforcement with information about threats of violence can constitute "procuring" a person's detention for purposes of false imprisonment.

Upon receiving Plaintiff's Response, Hobby Lobby's attorneys drafted a Reply. The Reply addressed Plaintiff's numerous arguments, requiring research of the sufficiency of pleading affirmative defenses to prevent waiver. Plaintiff's Response also forced Hobby Lobby's attorneys to locate evidence in the record rebutting Plaintiff's arguments that: Hobby Lobby delayed in reporting Plaintiff's threats; Hobby Lobby made misrepresentations to law enforcement; and Hobby Lobby published defamatory statements to a wide audience.

As evidenced by the Court's detailed Order granting Hobby Lobby's Motion for Summary Judgment, the Motion for Summary Judgment and the Reply required research of the elements of two causes of action and the applicability of two different types of privilege and necessitated combing the record to rebut Plaintiff's numerous allegations. Hobby Lobby also submitted a substantial Motion in Limine to exclude inadmissible evidence offered by Plaintiff.

Additionally, before the Court entered its Order granting summary judgment, Hobby Lobby expended approximately thirty-five hours preparing for trial, originally scheduled for September. To this end, Hobby Lobby coordinated with Plaintiff's counsel to create and exchange lists of witnesses and exhibits. Hobby Lobby also prepared a detailed pre-trial statement, jury instructions, and verdict form. Although the Court entered its Order granting Hobby Lobby's Motion for Summary Judgment before the deadline for the parties to submit pretrial statements, it was necessary for Hobby Lobby to prepare all pretrial materials in time to comply with the Court-ordered deadline.

### b.      The novelty and difficulty of the questions

This case presented questions of whether statements by Hobby Lobby's employees to law enforcement officers and Hobby Lobby's corporate management were privileged against a claim of defamation and false imprisonment. After the completion of discovery, Hobby Lobby's attorneys drafted a Motion for Summary Judgment on these issues that this Court granted.

28089116 v1

### c.     The level of skill required to perform the legal service properly

Successfully defending this action required several skills. First, Hobby Lobby's attorneys researched the applicable defenses necessary to prevail in this action. Second, Hobby Lobby's attorneys conducted discovery, including written discovery and depositions, designed to produce evidence necessary for Hobby Lobby's Motion for Summary Judgment. Hobby Lobby's attorneys researched and drafted a successful Motion for Summary Judgment. More generally, the attorneys' experience with civil litigation matters allowed them to defend this case efficiently, without missteps or restarts.

### d.     The preclusion of employment by the attorney due to acceptance of the case

Burr & Forman LLP agreed to represent Hobby Lobby at a reduced rate. Time spent on this matter precluded work on other matters that would have been more profitable.

### e.     The attorneys' customary hourly rate

Mr. Marks' customary rate for cases of similar complexity is $520.00 per hour. To provide better value to Hobby Lobby, however, Mr. Marks reduced his rate to $340.00 per hour. Over the course of this litigation, Mr. Marks' reduction in his hourly rate resulted in a savings of $9,810.00 to Hobby Lobby.

Similarly, Ms. Thakrar's customary rate for cases of similar complexity was $340.00 per hour. Ms. Thakrar's rate was reduced to $245.00 for the purposes of this litigation, resulting in a reduction in fees of $2,470.00.

28089116 v1

### f.      Whether the fee is fixed or contingent

Burr & Forman LLP billed Hobby Lobby for all services in this matter on an hourly basis, though at a discounted rate. Burr & Forman LLP obtained a complete defense verdict in a relatively short time, all with a reasonable amount of fees.

### g.      The time limitations imposed by the client or the circumstances

Burr & Forman LLP sought to resolve this action as quickly and efficiently as possible. These efforts were vindicated when Burr & Forman LLP obtained a complete defense verdict in only a little over a year after the commencement of this action.

### h.      The amount involved in the case and the results obtained

Although Plaintiff did not specify the amount of damages he sought, Plaintiff's Complaint sought not only compensatory damages for false imprisonment and defamation, but also punitive damages. Plaintiff clearly sought a significant amount of damages.

The results that Burr & Forman LLP obtained in this case were outstanding. The Court entered judgment for Hobby Lobby and against Plaintiff on all counts of Plaintiff's Complaint.

### i.      The experience, reputation, and ability of the attorneys

Mr. Marks, a twenty-eight-year attorney, has extensive experience in civil litigation, evidenced by his board certification by the Florida Bar in both Civil Trial and Business Litigation. Mr. Marks is highly regarded in Orlando and the central Florida region as a skilled, in-demand litigator. The high demand for Mr. Marks' services is

reflected in his standard billable rate of $520, which he reduced to $340 per hour only for the purposes of this case.

### j.      The nature and length of the professional relationship with the client

Hobby Lobby has been a valuable client of Burr & Forman LLP since 2006. As part of its ongoing effort to provide exceptional value to Hobby Lobby, Burr & Forman LLP's attorneys endeavored to resolve this case quickly and efficiently, as evidenced by the obtaining of a complete defense verdict within a little over a year.

### 6.      Reasonableness of Hobby Lobby's Attorneys' Fees - Section 768.79 Factors

The attorneys' fees requested by Hobby Lobby are reasonable under an analysis of the factors in section 768.79.

### a.      The apparent lack of merit in Plaintiff's claim

It should have become apparent after initial disclosures that this was not a "close case." Even early on, Plaintiff should have realized that its lawsuit against Hobby Lobby lacked merit, particularly in light of the utter lack of any evidence corroborating Plaintiff's theory of the case. *See* Fla. R. Civ. P. 1.442(h)(2)(A); Fla. Stat. § 768.79(7)(b)(1). As the party initiating the action, Plaintiff had ample time to investigate the facts and research the law applicable to his case. Early due diligence would have revealed Hobby Lobby's alleged actions did not constitute defamation or false imprisonment and that Hobby Lobby's alleged actions were privileged. Certainly, by the time of the conclusion of the depositions in this case, Plaintiff should have recognized his

lack of evidence would be fatal to his case. *See Tiara Condo. Ass'n, Inc.*, 697 F. Supp. 2d at 1368.

### b.      The number and nature of offers made by the parties

Hobby Lobby made a single Proposal in the amount of $1,000. *See* Fla. R. Civ. P. 1.442(h)(2)(B); Fla. Stat. § 768.79(7)(b)(2). Hobby Lobby made the Proposal six months after Plaintiff initiated this action, which should have provided Plaintiff ample time to determine that his claim was worth less than $1,000.

### c.      The closeness of questions of fact and law at issue

There were no close questions of fact or law. *See* Fla. R. Civ. P. 1.442(h)(2)(C); Fla. Stat. § 768.79(7)(b)(3). The relevant questions of fact were: (1) whether Hobby Lobby defamed Plaintiff when its employees reported Plaintiff's threats of violence to law enforcement and Hobby Lobby's management and (2) whether Hobby Lobby wrongfully procured Plaintiff's detention by simply reporting Plaintiff's threats of violence to law enforcement. In fact, Plaintiff's own deposition testimony contradicted his theory of liability. As this Court indicated in its Order granting Hobby Lobby's Motion for Final Summary Judgment, Plaintiff was unable to produce any evidence, including through Plaintiff's own deposition, to create a genuine question of fact regarding these issues.

### d.      Unreasonable refusal to furnish information

Hobby Lobby did not unreasonably refuse to furnish information necessary to evaluate the reasonableness of the Proposal. *See* Fla. R. Civ. P. 1.442(h)(2)(D); Fla. Stat. § 768.79(7)(b)(4). Hobby Lobby responded to Plaintiff's discovery requests, and Plaintiff

took depositions of several witnesses. Early in this case, and certainly by the conclusion of these depositions, it should have been clear to Plaintiff his claims had no basis in fact or law.

> **e.  Test case presenting questions of far-reaching importance**

This action was not in the nature of a test case presenting questions of far-reaching importance affecting nonparties. *See* Fla. R. Civ. P. 1.442(h)(2)(E); Fla. Stat. § 768.79(7)(b)(5). The issue of whether Hobby Lobby defamed Plaintiff by reporting his threats of violence to law enforcement is of no importance to nonparties to this action.

> **f.  The additional delay cost that Hobby Lobby reasonably would be expected to incur**

This Court should also consider the additional cost and expense Hobby Lobby incurred as a result of Plaintiff's prolonging this case beyond the time Hobby Lobby made the Proposal. *See* Fla. R. Civ. P. 1.442(h)(2)(F); Fla. Stat. § 768.79(7)(b)(6). By accepting Hobby Lobby's Proposal, Plaintiff could have ended this litigation ten months ago. The parties would have been spared the expense of hundreds of hours of attorneys' fees for time spent preparing and responding to motions, conducting depositions and written discovery, preparing and responding to Hobby Lobby's Motion for Final Summary Judgment, and preparing for trial.

Therefore, because Plaintiff rejected Hobby Lobby's Proposal, and because Hobby Lobby subsequently incurred reasonable attorneys' fees defending and ultimately prevailing in this action, an award of attorneys' fees in favor of Hobby Lobby is appropriate.

28089116 v1

### III.    CONCLUSION

In the instant case, considering all relevant factors, the $56,263.32 that Hobby Lobby is requesting for attorneys' fees incurred in successfully defending this action since the date of serving the Proposal is reasonable.

### <u>MIDDLE DISTRICT LOCAL RULE 3.01(G) CERTIFICATION</u>

Hobby Lobby's counsel conferred with counsel for Plaintiff on August 25, 2016. Counsel for Plaintiff does not agree to the relief sought herein.

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 26, 2016, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing and complete service of the foregoing to **Keith P. Arago, Esquire** (keitharago@aragolaw.com), P.O. Box 452275, Kissimmee, FL 34745.

<div style="margin-left:50%">

*/s/ Howard S. Marks*
**Howard S. Marks**
Florida Bar No. 750085
Email: hmarks@burr.com
Email: dmmorton@burr.com
**Baya W. Harrison**
Florida Bar No. 114085
Email: bharrison@burr.com
Email: jmorgan@burr.com
**BURR & FORMAN LLP**
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
*Attorneys for Defendant*

</div>

28089116 v1

**Harrison, Baya**

| | |
|---|---|
| **From:** | Thakrar, Sheena <sthakrar@burr.com> |
| **Sent:** | Monday, October 12, 2015 11:51 AM |
| **To:** | keitharago@aragolaw.com |
| **Cc:** | Marks, Howard; Morton, Debra M. |
| **Subject:** | Lozada v. Hobby Lobby Stores |
| **Attachments:** | 2015 10-12 Proposal For Settlement.pdf; 2015 10-12 Letter to Keith Arago.pdf |

Please see attached correspondence and enclosure.



### Sheena A. Thakrar • *Attorney at Law*

Suite 800 • 200 South Orange Avenue • Orlando, Florida 32801

direct 407-540-6660 • fax 321-249-0712 • main 407-540-6600

sthakrar@burr.com • www.burr.com

ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

COMPOSITE EXHIBIT "A"



BURR ••• FORMAN LLP

*results matter*

Sheena A. Thakrar
sthakrar@burr.com
Direct Dial: (407) 540-6660

200 South Orange Avenue
Suite 800
Orlando, FL 32801

*Main* (407) 540-6600
*Fax* (407) 540-6601

BURR.COM

October 12, 2015

**VIA EMAIL**

Keith P. Arago, Esq.
P.O. Box 452275
Kissimmee, FL 34745

Re:     **Ismael Lozada v. Hobby Lobby Stores, Inc.**

Dear Keith:

      Enclosed please find Defendant Hobby Lobby Stores, Inc.'s Proposal for Settlement and Offer of Judgment (the "Proposal") to Plaintiff, Ismael Lozada, in the amount of $1,000.00.  A timely response to the Proposal is due within thirty (30) days, *i.e.*, on or before November 12, 2015.  Please contact me at your earliest convenience so that we may discuss this Proposal further.  I look forward to hearing from you.

Very truly yours,

Sheena A. Thakrar

SAT/jm
Enclosure

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISMAEL LOZADA,

       Plaintiff,

vs.                               CASE NO.  6:15-cv-711-Orl-41TBS

HOBBY LOBBY STORES, INC.,

       Defendant.

_____/

## DEFENDANT HOBBY LOBBY STORE'S PROPOSAL FOR SETTLEMENT AND OFFER OF JUDGMENT TO PLAINTIFF ISMAEL LOZADA

Defendant, Hobby Lobby Stores, Inc. ("Defendant"), by and through its undersigned attorneys, pursuant to Florida Rule of Civil Procedure 1.442 and Section 768.79, Florida Statutes, offers to settle the above-styled cause as follows:

1.     This Proposal for Settlement and Offer of Judgment is made in the alternative to, and not in additional to, any other offer to settle of any type, including but not limited to, oral offers, written offers, Offers of Judgment, or Proposals for Settlement, which either have been made or will be made in the future.

2.     This Proposal for Settlement and Offer of Judgment is being made pursuant to Florida Rule of Civil Procedure 1.442 and Section 768.79, Florida Statutes.

3.     This Proposal for Settlement and Offer of Judgment is being made by the Defendant to the Plaintiff, Ismael Lozada ("Plaintiff").

4.     This Proposal for Settlement and Offer of Judgment is in the amount of One Thousand and 00/100 Dollars ($1,000.00).

4.     This Proposal for Settlement and Offer of Judgment is to settle all claims Plaintiff has pending against Defendant, specifically Counts I though V of Plaintiff's Complaint, and to settle any and all claims whatsoever relating to Counts I through IV, including, but not limited to any and all claims for compensatory damages, interest, and any other claims, asserted or unasserted related to Counts I through IV, whether now alleged in the Complaint or alleged in any future amendment to the Complaint, against Defendant, including all attorneys' fees and costs.

5.     The nonmonetary terms of this Proposal for Settlement and Offer of Judgment are as follows: if this Proposal for Settlement and Offer of Judgment is accepted, Plaintiff will voluntarily dismiss this case (Case No. 6:15-cv-711-Orl-41TBS) with prejudice.

7.     This Proposal for Settlement and Offer of Judgment includes attorneys' fees. Attorneys' fees are not part of the legal claims that have been pled by the Plaintiff in this action.

8.     Plaintiff seeks punitive damages in Count IV of his Complaint and zero dollars are being offered to settle that claim for punitive damages. Stated differently, the Proposal for Settlement and Offer of Judgment in the amount of One Thousand and 00/100 Dollars ($1,000.00) also resolves Count IV (Plaintiff's claim for punitive damages).

9.     Pursuant to Florida Rule of Civil Procedure 1.442, this offer shall be deemed rejected if not accepted in writing within thirty (30) days of service.

10.    Pursuant to Florida Statute § 768.79, evidence of this Proposal for Settlement and Offer of Judgment is not admissible as evidence in this lawsuit except in a proceeding to enforce this Proposal for Settlement and Offer of Judgment or determine the imposition of sanctions pursuant to Florida law.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2015, a true and correct copy of the foregoing was furnished by email (and not filed with the Court) to **Keith P. Arago, Esquire** (keitharago@aragolaw.com), P.O. Box 452275, Kissimmee, FL 34745.

**Howard Marks**
Florida Bar No. 750085
Primary Email:  hmarks@burr.com
Secondary Email:  dmmorton@burr.com
**Sheena Thakrar**
Florida Bar No. 871141
Primary Email:  sthakrar@burr.com
Secondary Email:  jmorgan@burr.com
**Burr & Forman LLP**
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
*Attorneys for Defendant*

25311200 v1