UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISMAEL LOZADA,

    Plaintiff,

vs.                                       CASE NO. 6:15-cv-711-Orl-41TBS

HOBBY LOBBY STORES, INC.,

    Defendant.

_____/

STATE OF FLORIDA
COUNTY OF ORANGE

## **AFFIDAVIT OF RICHARD S. DELLINGER, ESQUIRE**

BEFORE ME, the undersigned authority personally appeared RICHARD S. DELLINGER, a member in good standing of the Florida Bar and of the United States District Court for the Middle District of Florida, who being duly shown, deposes and states as follows:

1. I am a shareholder in the law firm of Lowndes, Drosdick, Doster, Kantor & Reed, P.A. ("LDDK&R"), am over the age of 18 years, and competent to make this Affidavit. The matters set forth herein are based upon my personal knowledge.

2. I graduated from the University of North Carolina at Chapel Hill in 1996 with a Bachelor Degree in Political Science and a minor in Business Administration. Then, in 1999, I received my Juris Doctorate degree from the University of North Carolina at Chapel Hill. I was admitted to the practice of law in Florida in 1999 and in North Carolina in 2001.

3. I have practiced law continuously in the Middle District of Florida with LDDK&R from the beginning of my career in 1999 until the present. During that time frame, I have practiced in the areas of complex litigation, intellectual property litigation, business litigation, bankruptcy, commercial litigation, federal criminal defense and domestic relations.

4. I have been involved in pre-trial proceedings, evidentiary hearings, trials and appeals in state and federal court. My cases range from plaintiff's personal injury to insurance defense; creditor's rights to debtor's defense; matters relating to trade secrets theft, trademark infringement and patent infringement; criminal defense and post conviction proceedings; business disputes and partner separations to high net worth divorce; to dependency proceedings and probate claims. I have represented banks, insurance companies, builders, developers, government contractors, software developers, car dealers, and individuals who are husbands, wives and minor children. My practice has been limited to the State of Florida and focused in Central Florida.

5. I am admitted to the Florida Bar and North Carolina Bar. I am admitted to practice before the U.S. District Court for the Middle District of Florida, Northern District of Florida and Southern District of Florida. And, I am admitted to practice before the Federal Circuit and the Eleventh Circuit Court of Appeals.

6. I am a member of the Federal Bar Association and serve in several leadership positions within the Federal Bar Association. Currently, I serve as a National Board member and previously I served as the Vice President for the Eleventh Circuit with the Federal Bar Association and as the President, Vice President, Secretary, Treasurer and Young Lawyers Representative of the Orlando Chapter of the Federal Bar Association. I am a past member of the Federal Bar Association's Government Relations Committee, Nominating Committee and Awards Committee. I am a former Member of the Middle District of Florida Bench Bar Committee and the Middle District of Florida Historical Society.

7. I am also a member of the Orange County Bar Association and serve in various leadership positions with the Orange County Bar Association. I am on the Executive Council and

serve as Treasurer of the Orange County Bar Association. I am the Past President of the Orange County Bar Foundation and the Orange County Legal Aid Society. I am the past Secretary and Trustee of the Orange County Legal Aid Society and a Member of the Business Law Committee, Technology Committee and Intellectual Property Committee. I also serve in leadership positions with the Florida Bar. With the Florida Bar, I am an appointed member of the Judicial Nominating Procedures Committee and Student Education and Admissions to the Bar Committee (past Chair) and a member of the Intellectual Property Committee. I am also a Barrister Level Member of the George C. Young First Central Florida Inns of Court.

8. I am A-V rated by Martindale Hubbell, and recognized by with numerous organizations for being a "best" or a "super" attorney. As a practicing lawyer, I have been recognized for Outstanding Service to the Community by the Orange County Bar Association and recognized by the Orange County Bar and Florida Supreme Court for outstanding pro bono service to the community.

9. My hourly rate with regard to this analysis and opinion is $440.00 per hour, which is the rate I currently charge to clients. I have recorded approximately 2 hours for review of background materials and approximately 1 hours for the preparation of this Affidavit.

10. I was asked to review the attorneys' fees requested by the Defendant, Hobby Lobby Stores, Inc. ("Hobby Lobby") in the above-styled action. In formulating my opinions, I evaluated whether the attorneys' fees requested by Hobby Lobby are reasonable. In my evaluation, I was asked to determine whether the hourly rates were reasonable for the background and experience of counsel and whether the time spent was reasonable.

11. This matter began when Plaintiff allegedly threatened to commit acts of violence at the Hobby Lobby store where he was employed. Hobby Lobby's staff heard these statements

and reported them to the managers of the Hobby Lobby store, who then reported them to law enforcement. Law enforcement officers visited the store, then visited Plaintiff and arrested him. Hobby Lobby terminated Plaintiff's employment. In response, Plaintiff filed a Complaint alleging false imprisonment, defamation, and malicious prosecution. Plaintiff sought punitive damages against Hobby Lobby.

12. After Hobby Lobby served its proposal for settlement (the "Proposal") on Plaintiff, Hobby Lobby conducted discovery. Hobby Lobby took three depositions and defended one. Hobby Lobby also defeated Plaintiff's Motion to Compel, which sought to force Hobby Lobby to produce the personnel files of Hobby Lobby staff and managers.

13. After the conclusion of discovery, Hobby Lobby filed its Motion for Summary Judgment, which argued that two qualified privileges insulated Hobby Lobby from liability for its alleged actions. Hobby Lobby also pointed out Plaintiff's failure to produce evidence sufficient to create an issue of fact on Plaintiff's claims. Plaintiff responded, and Hobby Lobby prepared a Reply to rebut the numerous arguments in Plaintiff's Response.

14. While awaiting the Court's ruling on Hobby Lobby's Motion for Summary Judgment, Hobby Lobby prepared a witness list, an exhibit list, a pretrial statement, jury instructions, and a proposed verdict form. The Court then issued a detailed Order, granting Hobby Lobby's Motion on all claims.

15. To determine the reasonableness of the fees requested by Hobby Lobby's counsel, I have considered applicable Florida law including the factors set forth in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985); the criteria set forth in Rule 4-1.5 of the Rules Regulating the Florida Bar; and my personal knowledge of the local legal market. In formulating an opinion regarding the reasonableness of the hours charged in this matter, I

reviewed the docket sheet, pleadings, motions, and orders filed in this case. I have also reviewed the printed time records of Burr & Forman LLP along with supporting affidavits. I discussed some background with Howard Marks, Esquire and Baya Harrison, Esquire.

16. Based on my experience in other civil cases and appeals, I am of the opinion that Hobby Lobby's counsel have met their burden and the attorneys' fees requested by Hobby Lobby's attorneys are reasonable because Hobby Lobby's attorneys secured a complete defense judgment for their client in a relatively short amount of time and without unnecessary work. The reasons for these conclusions are discussed below.

17. Based upon my experience, the hourly rates requested by Hobby Lobby's attorneys are reasonable and commensurate with their experience. Howard Marks has been practicing in central Florida for approximately twenty-eight years and normally bills at a rate of $520 per hour, but he reduced his rate to $340 per hour for this matter. Sheena Thakrar has been practicing approximately ten years and bills at a rate of $340 per hour, but she reduced her rate to $245 per hour for this matter. Baya Harrison has been practicing approximately two years and bills at a rate of $245 per hour. These rates are reasonable for counsel with these respective levels of experience.

18. Based on my experience, the amount of time that Hobby Lobby's attorneys spent on this litigation was reasonable and commensurate with their experience. Howard Marks, a partner, supervised two different associates on this matter: first Sheena Thakar and later Baya Harrison. Mr. Marks worked on devising litigation strategy and performing tasks for which his experience was required, such as taking depositions and participating in mediation. Mr. Marks delegated more time-intensive tasks such as research and drafting to his associates. According to my calculations, the time that each attorney spent on each task is approximately as follows:

**General Discovery**
Howard Marks: 7.7
Baya Harrison: 2.5
Sheena Thakrar: 10.3

**Depositions of Michael Licari and Deputy Tate Wilson**
Howard Marks: 9.1
Baya Harrison: 4.4

**Motion to Compel**
Howard Marks: 6.1
Baya Harrison: 39.2
Sheena Thakrar: 14.0

**Mediation**
Howard Marks: 3.2
Baya Harrison: 3.9

**Dellofano Deposition**
Howard Marks: 1.2
Baya Harrison: 6.4

**Motion for Summary Judgment**
Howard Marks: 4.0
Baya Harrison: 36.5
Sheena Thakrar: 1.7

**Reply to Response to Motion for Summary Judgment**
Howard Marks: 2.7
Baya Harrison: 18.6

**Motion in Limine**
Howard Marks: 1.9
Baya Harrison: 9.1

**Pre-trial Preparation**
Howard Marks: 16.6
Baya Harrison: 18.4

**Post-judgment Motion for Fees and Bill of Costs (through 8/20)**
Howard Marks: 2.0
Baya Harrison: 0.3

**CONCLUSION**

19. Based upon the above referenced factors, it is my opinion that the time expended by counsel for Hobby Lobby was reasonable.

20. Based upon the above referenced factors, including my own experience and familiarity with rates customarily charged in the Middle District and in central Florida for similar services, it is my opinion that the hourly rates charged by the individual attorneys were a reasonable hourly rate to be charged by similarly qualified central Florida area attorneys.

21. A reasonable rate for litigating this case on behalf of Hobby Lobby would be $60,000.

FURTHER AFFIANT SAYETH NOT

_____
Richard S. Dellinger

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was acknowledged before me this 26 day of August, 2016, by RICHARD S. DELLINGER, ☐ who is personally known to me or ☑ who has produced FL driver license as identification.

(NOTARY SEAL)



_____
Notary Public Signature

Gidget A Zook
_____
(Name typed, printed or stamped)

28112156 v1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 26, 2016, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing and complete service of the foregoing to **Keith P. Arago, Esquire** (keitharago@aragolaw.com), P.O. Box 452275, Kissimmee, FL 34745.

        */s/ Howard S. Marks*
        **Howard S. Marks**
        Florida Bar No. 750085
        Email: hmarks@burr.com
        Email: dmmorton@burr.com
        **Baya W. Harrison**
        Florida Bar No. 114085
        Email: bharrison@burr.com
        Email: jmorgan@burr.com
        **BURR & FORMAN LLP**
        200 S. Orange Avenue, Suite 800
        Orlando, Florida 32801
        Telephone: (407) 540-6600
        Facsimile: (407) 540-6601
        *Attorneys for Defendant*